IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


RICHARD JOSEPH CRANE,

          Plaintiff,                 CV F 03 6339 OWW WMW P

    vs.                            ORDER DISMISSING COMPLAINT
                                         WITH LEAVE TO AMEND

M. GONZALES, et al.,

          Defendants.


        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the first amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at Salinas Valley State Prison, brings this civil rights action against correctional officials employed by the Department of Corrections at Pleasant Valley State Prison.  The events that give rise to this lawsuit occurred while Plaintiff was housed at Pleasant Valley.   Plaintiff names the following individual defendants: Correctional Officer (C/O) M. Gonzales; Supervising Cook M. DeLuna; Chief Medical Officer Bendon.

        This lawsuit stems from an incident that occurred on July 16, 2003.   Plaintiff alleges that he was working in a locked dining hall from 3:30 to 5:30 pm that day.  Defendant Gonzales was

the correctional officer assigned to that facility.  Defendant DeLuna was the supervising cook assigned to that facility.  Plaintiff was attacked by another inmate at approximately 4:00 pm.  Plaintiff advised Defendant DeLuna that he "slipped and fell."  Plaintiff alleges that he did not tell DeLuna of the assault, for fear of retaliation.  DeLuna did not allow Plaintiff to leave the work area, and locked Plaintiff in the work area.  Plaintiff was attacked again by two inmates.  Plaintiff suffered a large wound over his right eye.   Plaintiff was taken to the medica clinic, where he received stitches over his right eye.

The next day, July 17th, Plaintiff advised C/O Clow that he had been assaulted by two inmates, and that he had not told anybody of the incident due to fear of retaliation.  On July 20th, Plaintiff was placed on confined to quarters (CTQ) status by C/O Clow.   Plaintiff alleges that he was not let out of his cell for ten days.  Plaintiff also alleges that he never received any medical follow up, and he had to remove his sutures himself.

Plaintiff alleges that he filed an inmate grievance.  It is unclear from the allegations of the first amended complaint, but it appears that Plaintiff filed the grievances on Jly 31, 2003, and that they were returned to Plaintiff on August 4, 2003, "for further processing." On August 18, 2003, Plaintiff received a response to his inmate grievance, indicating that "Alleged assault took place on 7-16-03.  You did not send to appeals until 8-14-03.  You hid this information for a month and now are trying to file an appeal.  You missed time and should have told the truth a month ago.  You can ask your Captain to investigate, but you cannot appeal it." Plaintiff refers to Exhibit A.

Plaintiff's Exhibit A includes a copy of a CDC Form 695, a Request for Reasonable Modification or Accomodation.  This form has the response quoted above, indicating that the form was filed a month after the event.  Page 2 of Exhibit A is a CDC Fomr 602, filed by Plaintiff on August 4, 2003, referring to the incident on July 16, 2003.  Plaintiff does not include the response to this grievance.

Eighth Amendment Claim

The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).

The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

Here, Plaintiff has failed to allege facts indicating that any of the named defendants knew of the risk to Plaintiff, and acted with deliberate indifference to that risk. Assuming the facts of the complaint as true, Plaintiff was attacked by another inmate, but failed to report it until the next day. Plaintiff does allege that Defendant Gonzels "pronounded that he was an "ENE" (i.e. Northern California Mexican gang member) and created a dangerous environment by his gang affiliation statements directed at culinary workers." Plaintiff does not, however, allege that defendants were aware of any particular danger to Plaintiff on July 16, 2003. There are no facts alleged indicating that Plaintiff was aware of any particular harm that day or that he made any of the defendants aware of the harm to Plaintiff. This claim must therefore be dismissed. Plaintiff will, however, be provided an opportunity to file an amended complaint that cures this defect.

Exhaustion

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]  . . . subjects, or
> causes to be subjected, any citizen of the United States. . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution. . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

On April 26, 1996, The Prison Litigation Reform Act was enacted.  Section 7 of

the Act amended 42 U.S.C. 1997e(a) to read as follows:

> (a) APPLICABILITY OF ADMINISTRATIVE REMEDIES.  No action shall be
> brought with respect to prison conditions under section 1979 of the Revised
> Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a
> prisoner confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

On May 29, 2001, the United States Supreme Court decided Booth v.

Churner,532 U.S. 731 (2001).  The Supreme Court, in addressing the question of whether a

prisoner need exhaust available remedies when monetary damages are unavailable, held that

"Congress has mandated exhaustion clearly enough, regardless of the relief offered through

administrative procedures."  Id. at 1821.  In order to bring his claim in federal court, plaintiff

must completely exhaust his available administrative remedies.

In California, there are four levels of review - informal level, first formal level,

second formal level, and third formal level.  The third formal level constitutes the Director's

decision on appeal.  Cal. Code Regs. Tit. 15, § 3084.5(e)(2).  Here, Plaintiff alleges that he filed

his grievance at the informal level, at the earliest, on July 31, 2003 (though Exhibit A indicates

that it was filed on August 4, 2003, Plaintiff dates it July 31).   The first amended complaint

indicates that Plaintiff has failed to exhaust his administrative remedies prior to filing suit.

1    The court finds the allegations in plaintiff's complaint vague and conclusory.

2  The court has determined that the complaint does not contain a short and plain statement as

3  required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,

4  a complaint must give fair notice and state the elements of the claim plainly and succinctly.

5  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

6  with at least some degree of particularity overt acts which defendants engaged in that support

7  plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ.

8  P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

9  amended complaint.

10    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

11  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

12  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

13  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

14  there is some affirmative link or connection between a defendant's actions and the claimed

15  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

16  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

18  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

19  amended complaint be complete in itself without reference to any prior pleading.  This is

20  because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

21  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

22  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

23  original complaint, each claim and the involvement of each defendant must be sufficiently

24  alleged.

25    In accordance with the above, IT IS HEREBY ORDERED that:

26

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff's failure to file an amended complaint will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:     December 28, 2006**             /s/  **William M. Wunderlich**
mmkd34                                              UNITED STATES MAGISTRATE JUDGE