IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSEPH CRANE,

              Plaintiff,                        CV F 03 6339 OWW WMW P

      vs.                              FINDINGS AND RECOMMENDATION

M. GONZALES, et al.,                 (Doc. 32)

              Defendants.

I.      **FINDINGS**

      A.      **Procedural History**

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

1   exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

2   U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

3   short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

4   Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

5   plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court

6   may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

7   that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a

8   plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

9   the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

10  unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

11  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

12  (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

13  .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

14  pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490

15  U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

16  essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

17  122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

18  1982)).

19      **B.    Plaintiff's Claims**

20          This action proceeds on the second amended complaint.  Plaintiff is currently in the

21  custody of the California Department of Corrections at Salinas Valley State Prison.  The events

22  that give rise to this lawsuit occurred while Plaintiff was housed at Pleasant Valley State Prison.

23  Plaintiff names the following individual defendants: Correctional Officer (C/O) M. Gonzales;

24  Supervising Cook M. DeLuna; and Chief Medical Officer (C.M.O.) Bendon.

25          Plaintiff alleges that, prior to July 16, 2003, C/O Gonzales labeled him a snitch and a

26

child molester to other inmates.  That on the 16th, from 3:30 to 5:30 p.m., he was working in a locked dining hall.  C/O Gonzales was assigned to that facility and DeLuna was the assigned supervising cook.  Plaintiff was attacked by inmate Zaragosa at approximately 4:00 p.m. Plaintiff advised DeLuna that he was injured when he "slipped and fell."  Plaintiff alleges that he did not tell DeLuna of the assault, for fear of being seen as a "snitch."  DeLuna did not allow Plaintiff to leave the locked work area.  Plaintiff was attacked again and injured by inmates Zaragosa and Mora, sustaining a large wound over his right eye which required stitches.

The next day, July 17th, Plaintiff advised C/O Clow (not a named defendant) that he had been assaulted by two inmates, and that he had not told anybody of the incident due to fear of being labeled a "snitch."

Plaintiff was placed on confined to quarters (CTQ) status by C/O Clow from July 20th through July 30th.

Plaintiff also alleges that, while he received initial medical treatment (i.e. stitches), C.M.O. Bendon did not provide any medical follow up, such that Plaintiff had to remove his own stitches.

The Court finds that Plaintiff states one cognizable claim, solely against C/O Gonzales, on which he should be allowed to proceed.

### 1.   Safety/Failure to Protect

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."  Hoptowit v. Ray 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also Farmer v. Brennan 511 U.S. 825, 833 (1994).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  See Farmer, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prison must show that "the official [knew] of and disregard[ed] an excessive

1  risk to inmate ... safety; the official must both be aware of facts from which the inference could

2  be drawn that a substantial risk of serious harm exists, and [the official] must also draw the

3  inference." Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.

4  1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial

5  evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.

6  Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

7       The Ninth Circuit has held that allegations that prison officials called a prisoner a

8  "snitch" in the presence of other inmates were sufficient to state a claim of deliberate

9  indifference to an inmate's safety.  See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th

10  Cir. 1989).  But see Morgan v. MacDonald 41 F.3d 1291, 1293-94 (9th Cir. 1994)(rejecting

11  Eighth Amendment claim where prisoner who had been labeled a snitch had not been retaliated

12  against).

13       Plaintiff alleges that DeLuna was the temporary supervising cook when Plaintiff was

14  attacked; and that DeLuna refused his request for medical attention, after the first attack, when

15  Plaintiff advised that he had slipped and fallen.  Plaintiff alleges he could not tell DeLuna about

16  either attack out of fear of being labeled a snitch.  Plaintiff fails to state a cognizable claim

17  against DeLuna for failure to protect as, according to Plaintiff's allegations, DeLuna had neither

18  actual knowledge, nor means to be aware of Zaragosa's attack and/or animosity towards Plaintiff.

19  Thus, Plaintiff fails to state that DeLuna was deliberately indifferent to Plaintiff's safety.

20       Plaintiff makes no factual allegations to show that C.M.O. Bendon was deliberately

21  indifferent to Plaintiff's safety.

22       Plaintiff alleges that C/O Gonzales: called all of the inmates in facility "D" "Child

23  Molesters" approximately 60 days prior to the attacks; told Plaintiff's inmate culinary co-workers

24  that plaintiff was a child molester and a "Rat;" deliberately incited inmates to do harm to

25  Plaintiff; proclaimed affiliation with a Mexican gang whom are considered enemies of Caucasian

26

4

inmates (i.e. Plaintiff); used inmate Zaragosa as an authority figure over other inmates; told

inmate Zaragosa Plaintiff was a child molester and deliberately instigated inmate Zaragosa to

attack Plaintiff on July 16, 2003; required Plaintiff to remain locked in the front dining hall area

with inmate Zaragosa without any prison supervision or security from 3:30 to 5:30 p.m. on the

date of the attacks; and refused Plaintiff's request for medical attention subsequent to the first

attack.  Based on all of these allegations, Plaintiff states a cognizable claim against C/O's

Gonzales for being deliberately indifferent to his safety and/or failing to protect him.

### 2.    Deliberate Indifference to Serious Medical Needs

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman,

452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the

level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of

the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with

deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)

(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison

official does not act in a deliberately indifferent manner unless the official "knows of and

disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834

(1994).  Deliberate indifference may be manifested "when prison officials deny, delay or

intentionally interfere with medical treatment," or in the manner "in which prison physicians

provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to

further harm in order for the prisoner to make a claim of deliberate  indifference to serious

medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison

Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges that DeLuna refused his request for medical attention when Plaintiff advised that he had slipped and fallen, rather than advising him of the first attack.  Plaintiff fails to state what, if any injuries he sustained in the first attack by inmate Zaragosa.  Plaintiff fails to allege any basis upon which DeLuna would have known of and disregarded an excessive risk to Plaintiff's serious medical needs, and what, if any, further medical harm Plaintiff sustained as a result of the delay.  Thus, Plaintiff fails to state a cognizable claim against DeLuna for deliberate indifference to Plaintiff's serious medical needs.

Plaintiff alleges that C.M.O. Bendon failed to provide follow-up care, while Plaintiff was confined to his quarters, such that plaintiff was required to remove his own stitches.  Delayed removal of stitches does not amount to deliberate indifference to serious medical needs.  Further, Plaintiff fails to allege any further harm he sustained from the delayed removal of stitches, and/or from removing them on his own.  Thus, Plaintiff fails to state a cognizable claim against C.M.O. Bendon for deliberate indifference to his serious medical needs.

Plaintiff alleges that C/O Gonzales refused Plaintiff's request for medical attention subsequent to the first attack.  Plaintiff fails to allege any basis upon which C/O Gonzales would have known and disregarded an excessive risk to Plaintiff's serious medical needs, and what, if any, further medical harm Plaintiff sustained as a result of the delay.  Thus, Plaintiff fails to state a cognizable claim against C/O Gonzales for deliberate indifference to Plaintiff's serious medical needs.

### 3.     Cruel and Unusual Punishment

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

confinement claim." Id. at 9 (citation omitted).  With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Id. at 9 (quotations and citations omitted).  With respect to excessive force claims, however, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff delineates "cruel and unusual punishment" as one of his claims for relief. However, Plaintiff fails to state any factual allegations of any defendant utilizing excessive force or otherwise causing an extreme deprivation in his conditions of confinement.  Thus, Plaintiff fails to state a cognizable claim for cruel and unusual punishment.

## II.   RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   This action proceed on Plaintiff's second amended complaint filed on January 24, 2007 against Correctional Officer M. Gonzales for being deliberately indifferent to his safety and/or failing to protect him;

2.   Plaintiff's claim of deliberate indifference to Plaintiff's serious medical needs against Correctional Officer M. Gonzales be dismissed with prejudice for failure/inability to state a claim;

3.   Plaintiff's claim of cruel and unusual punishment/excessive force against all defendants be dismissed with prejudice for failure/inability to state a claim; and

4.   Temporary Supervising Cook M. DeLuna and Chief Medical Officer

1    Bendon be dismissed with prejudice for failure to state a claim.

2    These findings and recommendations will be submitted to the United States District

3  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

4  **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file

5  written objections with the court.  The document should be captioned "Objections to Magistrate

6  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

7  within the specified time may waive the right to appeal the district court's order.  Martinez v.

8  Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10  IT IS SO ORDERED.

11  **Dated:    May 23, 2008**                                **/s/  William M. Wunderlich**
                                                     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26