# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE, | CASE NO. 1:03-cv-06339-YNP PC |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | (Doc. 44) |
| DELUNA, et al., | |
| Defendants. | |

Plaintiff Richard Joseph Crane ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendant's motion to dismiss this action for Plaintiff's failure to properly exhaust his administrative remedies prior to suit as required by 42 U.S.C. § 1997e(a). (Doc. #44.) For the reasons set forth below, the Court finds that Plaintiff did not properly exhaust his administrative remedies prior to filing suit and Defendant's motion to dismiss is granted.

**I.     Background**

This action proceeds on Plaintiff's Second Amended Complaint filed on January 24, 2007. (Doc. #33.) The Court screened Plaintiff's Second Amended Complaint and found that it stated a cognizable claim against Defendant M. Gonzales for deliberate indifference to Plaintiff's safety. (Doc. #34.) Plaintiff's other claims were dismissed. (Docs. #34, 36.) Defendant filed a motion to dismiss on October 3, 2008. (Doc. #44.) Plaintiff filed an opposition to Defendant's motion to dismiss on October 28, 2008. (Doc. #47.) Both parties have consented to magistrate jurisdiction. (Docs. #50, 51.)

1

## II. Defendant's Motion to Dismiss

Defendant argues in his motion to dismiss that he is entitled to dismissal because Plaintiff did not properly exhaust his administrative remedies prior to filing this lawsuit. (Def.'s Notice and Mot. to Dismiss Pursuant to Unenumerated Federal Rule of Civil Procedure 12(b); Mem. of P. & A. 1:22-24.)

Defendant alleges that Plaintiff's claim is based on the allegation that Defendant Gonzales deliberately incited inmates to harm him, culminating in Plaintiff's attack by inmate Zaragosa on July 16, 2003. (Mot. to Dismiss 5:8-10.) Plaintiff mailed two CDC Inmate Appeals on July 31, 2003. (Mot. to Dismiss 5:10-14.) One appeal was sent to the Director of Corrections/Chief Inmate Appeals, and the other appeal was sent to the U.S. Eastern District Court (presumably the Eastern District of California). (Mot. to Dismiss 5:10-14.) Both appeals were returned to Plaintiff. (Mot. to Dismiss 5:14-17.) On August 11, 2003, Plaintiff sent one of the returned appeals to the Appeals Coordinator. (Mot. to Dismiss 5:14-17.) On August 18, 2003, the Appeals Coordinator returned Plaintiff's appeal because by that time, his appeal was untimely. (Mot. to Dismiss 5:18-19.) A timely appeal must be submitted within fifteen working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision. (Mot. to Dismiss 4:26-28.) Plaintiff did not pursue his appeal any further. (Mot. to Dismiss 5:23-25.)

In his opposition, Plaintiff does not dispute any of Defendant's factual allegations. Instead, Plaintiff argues that he was "essentially blind for some four days following the assault" which "made it impossible for him to pursue legal work during these days." (Pl.'s Opp'n to Def.'s Mot. to Dismiss 2:10-13.) Plaintiff also argues that he sent his appeals to the "Chief Inmate Appeals Branch of CDCR" and the federal court, instead of properly sending his appeal to the Appeals Coordinator, because "mail sent to the prison Appeals Office is neither sealed nor logged." (Pl.'s Opp'n 2:21-23.) Plaintiff alleges that "prison officials were obstructing receipt of and timely processing of the plaintiff's previous appeals." (Pl.'s Opp'n 2:23-26.)

## III. Discussion

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

2

1 confined in any jail, prison, or other correctional facility until such administrative remedies as are
2 available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement
3 applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). "All
4 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor
5 must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing Booth v. Churner, 532
6 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless
7 of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the
8 administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at
9 741. Exhaustion must also be proper. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). "Proper
10 exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id.
11 at 90.

12 The California Department of Corrections has an administrative grievance system for
13 prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the
14 department's jurisdiction may appeal any departmental decision, action, condition, or policy which
15 they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs.
16 tit 15, § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal
17 level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code
18 Regs. tit 15, § 3084.5.

19 Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
20 defense which Defendants have the burden of raising and proving the absence of exhaustion. Wyatt
21 v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative
22 remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a
23 summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's
24 Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure
25 to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed
26 issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust
27 administrative remedies, the proper remedy is dismissal without prejudice. Id.
28 ///

1    The Ninth Circuit has not yet decided whether exceptions to the PLRA's exhaustion
2 requirement exist. Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008). However, other circuits
3 have held that the exhaustion requirement is satisfied when prison officials prevent exhaustion from
4 occurring through misconduct, or fail to respond to a grievance within the policy time limits. See,
5 e.g. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir.2008) ("[A]n administrative remedy is not
6 considered to have been available if a prisoner, through no fault of his own, was prevented from
7 availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir.2007) (Courts
8 are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of
9 prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir.2006) (administrative remedy not
10 available if prison employees do not respond to a properly filed grievance or use affirmative
11 misconduct to prevent a prisoner from exhausting); Boyd v. Corrections Corp. of America, 380 F.3d
12 989, 996 (6th Cir.2004) ("administrative remedies are exhausted when prison officials fail to timely
13 respond to properly filed grievance"); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004)
14 (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison
15 officials to timely advance appeal may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d
16 1030, 1032 (10th Cir.2002) (the failure to respond to a grievance within the policy time limits
17 renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.2002) (when prison
18 officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier,
19 262 F.3d 687, 698 (8th Cir.2001) (district court did not err when it declined to dismiss claim for
20 failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394
21 (5th Cir.1999) (when a valid grievance has been filed and the state's time for responding has expired,
22 the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir.1998) (when
23 time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn,
24 318 F.3d 523, 529 (3d Cir.2003) (recognizing that a remedy prison officials prevent a prisoner from
25 utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir.2002) (formal
26 grievance procedure not available where prison officials told prisoner to wait for termination of
27 investigation before filing formal grievance and then never informed prisoner of termination of
28 ///

investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

Plaintiff did not properly exhaust his administrative remedies prior to filing this suit. The facts as alleged by both parties show that Plaintiff did not submit his first formal level administrative appeal to the correct personnel. Plaintiff was supposed to send his first level appeal to the appeals coordinator, but instead sent his first level appeal to the "Chief Inmate Appeals" (third/director's level) and to the federal court. By the time Plaintiff's appeal was returned and Plaintiff forwarded it to the proper personnel, the 15-day deadline had passed.

Plaintiff's claim that he was "essentially blind" for four days after the attack took place has no merit as the facts show that Plaintiff would have been able to meet the procedural deadline had he initially sent his appeal to the proper address.

Plaintiff's second argument, that prison officials were obstructing receipt of Plaintiff's prior appeals and Plaintiff mailed his appeal to federal court and to the "Chief Inmate Appeals" so it would be logged, is also unavailing. The Court will decline to find an exception to the exhaustion requirement that excuses Plaintiff from even attempting to properly exhaust his administrative remedies based on prison officials' past actions in obstructing Plaintiff's access to the administrative remedy system. Further, Plaintiff's excuse does not make logical sense. If prison officials were obstructing Plaintiff's access to the administrative remedy system, it is unclear how sending appeals to wrong addresses solves the problem. Plaintiff could have just as easily sent a third copy of his appeal to the correct address, the appeals coordinator, to properly exhaust his administrative remedies. Had prison officials prevented Plaintiff from filing his appeal, Plaintiff may have been excused from exhausting his administrative remedies. However, Plaintiff did not properly file an administrative appeal with the correct personnel and, prison officials did nothing to prevent Plaintiff from properly filing an administrative appeal with the correct personnel. As a result, Plaintiff's appeal was untimely. The Court finds that Plaintiff failed to properly exhaust his administrative remedies.

///

///

IV.     **Conclusion and Order**

The Court finds that Plaintiff failed to properly exhaust his administrative remedies prior to filing this action. The Court finds that Plaintiff's administrative of appeal was filed past the 15-day deadline for filing his appeal.

Based on the foregoing, it is HEREBY ORDERED that Defendant's motion to dismiss, filed October 3, 2008, is GRANTED and this action is dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies prior to filing suit. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 22, 2009**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE